# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>                Petitioner,<br>vs.<br><br>G.J. GIURBINO, Warden, and EDWARD G. BROWN, JR., Attorney General,<br><br>                Respoondent. | CASE NO. 07-CV-1839-H (PCL)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING, WITHOUT PREJUDICE, PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |

     On November 5, 2007, the government brought a motion to dismiss this petition as a second or successive petition filed without leave of the Court of Appeals. (Doc. No. 6.) Petitioner filed his opposition to the motion on November 30, 2007. (Doc. No. 8.) On January 22, 2008, the Magistrate Judge entered a Report and Recommendation that the Court grant the motion and dismiss the petition without prejudice to Petitioner's ability to obtain leave from the Court of Appeals. (Doc. No. 9.) The Magistrate Judge set a deadline of February 19, 2008, for Petitioner to file any objections to the report and recommendation, but Petitioner has not filed any objections at this time. For the reasons set forth below, the Court adopts the Report and Recommendation, grants the motion, and dismisses the petition without prejudice.

/ / /

## **Discussion**

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Although Petitioner did not object to the Report and Recommendation, the Court has conducted is own review of the parties' papers prior to reaching its decision.

Petitioner does not dispute that he filed a previous petition in this Court, Case No. 06-CV-2549-H (NLS), which involved the same underlying convictions. The Court denied that petition on July 11, 2007. (See Case No. 06-CV-2549, Doc. No. 10.) Petitioner claims that he did not learn of this Court's denial of his first petition until the government filed its motion to dismiss in this case. He alleges that the state prevented him from receiving mail related to the first petition. Whether or not Petitioner's allegations are true, they do not remove the statutory requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has reviewed Petitioner's claims and concluded that they were or could have been adjudicated on the merits in his previous petition, thus making it a second or successive petition within the meaning of the statute. See Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) ("Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition.").

Petitioner argues that his situation presents "extraordinary circumstances" that should permit him to proceed without approval from the Court of Appeals. Petitioner has pointed to no authority, however, that creates an extraordinary circumstances exception to the requirement of 28 U.S.C. § 2244(b)(3)(A). For example, Petitioner cites 28 U.S.C. § 2244(d)(1)(B), but that provision only provides for tolling of the statute of limitations when there is a state-created impediment; it does not remove the need for the Court of Appeals to approve or second or successive petition.

**Conclusion**

For the reasons set forth above, the Court ADOPTS the Report and Recommendation, GRANTS the motion to dismiss, and DISMISSES the petition without prejudice to Petitioner's ability to proceed if he obtains leave from the Court of Appeals. Along with the copy of this order, the Clerk shall send Petitioner a form application for leave to file a second or successive petition, which Petitioner may then submit to the Court of Appeals.

IT IS SO ORDERED.

DATED: March 10, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.